The document below is hereby signed.

Signed: September 20, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANDRENA DIANE CROCKETT, | ) | Case No. 19-00101 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
GRANTING MOTION TO RECONSIDER IN PART, SUSTAINING
DEBTOR'S OBJECTION TO NATIONSTAR'S PROOF OF CLAIM IN
PART, AND OTHERWISE DENYING DEBTOR'S MOTION TO RECONSIDER

The debtor has filed a *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* ("*Motion to Reconsider*") (Dkt. No. 59). The debtor has presented sufficient evidence to show that the proof of claim filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") does not adequately describe the disposition of $1,289.18 of unapplied funds that were in the debtor's account. Nationstar has not filed a response to the debtor's *Motion to Reconsider*, therefore, the debtor's *Motion to Reconsider* will be granted in part, the debtor's objection to Nationstar's proof of claim will be sustained in part, and Nationstar's Proof of Claim will be reduced by $1,289.18. Otherwise, the debtor's motion to

reconsider will be denied.

I

The debtor initiated this case by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on February 15, 2019.  Nationstar filed a Proof of Claim on May 6, 2019, with all the documents required under Fed. R. Bankr. P. 3001, and constituting prima facie evidence of the validity of the amount of Nationstar's claim pursuant to Fed. R. Bankr. P. 3001(f).  The proof of claim asserts a secured claim of $549,377.77 on property located at 1249 Carrolsburg Place, SW, Washington, D.C. 20024 (the "Property").

The debtor had entered into a *Loan Modification Agreement* on February 1, 2010, with a principal balance of $412,891.81 and secured by a *Deed of Trust*.  The debtor defaulted on the debt sometime around June 2010.  Previous to the debtor's filing bankruptcy, Nationstar initiated a judicial foreclosure against the debtor in the Superior Court of the District of Columbia.  In that case, the debtor challenged Nationstar's accounting of the debt, including a challenge of the fees.  The Superior Court held a hearing on January 19, 2017, where Nationstar presented evidence supporting its accounting.  The Superior Court found at a June 8, 2017, proceeding that based on the testimony of the January 19, 2017, hearing, the debtor's claims were not viable. The Superior Court later issued an order dismissing the debtor's

counterclaims on October 25, 2017.  The debtor appealed the Superior Court's decision in the Court of Appeals of the District of Columbia.  The Court of Appeals entered a decision on June 26, 2019, affirming the Superior Court's judgment.

The debtor filed her *Objection to Creditor, Nationstar Mortgage LLC, Proof of Claim* (Dkt. No. 31).  In the debtor's objection, the debtor challenged Nationstar's accounting in the Proof of Claim, including fees, and asserted that Nationstar had not filed all documents required under Rule 3001.  Nationstar filed a response, and the court held a hearing on the debtor's objection to claim on July 18, 2019.  Prior to the hearing, the debtor filed a *Pre-Hearing Brief in Support of Objections to Nationstar, LLC's Proof of Claim*.  At the hearing, the court found that the Superior Court had already decided many issues regarding Nationstar's accounting, including the accuracy of fees.  The court further held that the debtor had not met her burden to show that there was an error with Nationstar's Proof of Claim, because the debtor's evidence was unclear and confusing.

The debtor filed a *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* wherein the debtor asserts that the court impermissibly relied on the Court of Appeals decision that was entered on June 26, 2019, after the automatic stay was in place, and that the court failed to address all the issues raised in the debtor's *Pre-Hearing Brief in*

*Support of Objections to Nationstar, LLC's Proof of Claim*. Nationstar did not file a response to the debtor's motion to reconsider.

II

The debtor's *Motion to Reconsider* was filed within 14 days after entry of the court's order dismissing the case. Accordingly, the motion will be considered under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023. Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

The debtor has not met her burden under Rule 59 to show that the court ought to reconsider its order overruling the debtor's objections to Nationstar's Proof of Claim, except (as explained later) for the debtor's objection to the accounting of $1,289.18 of unapplied funds. As to the other objections, the court found that the Superior Court had determined fees were accurate and the Superior Court's decision collaterally estopped the court from deciding that issue again. The court relied on the Court of

Appeals decision to find what issues had been litigated and decided in the Superior Court. The court did not rely on the holding of the Court of Appeals decision, and therefore, even if the Court of Appeals violated the automatic stay by entering its decision after the automatic stay was in place, that decision was not a deciding factor in this court's overruling the debtor's objections to Nationstar's Proof of Claim.

Except for the debtor's objection to the accounting of the $1,289.18 of unapplied funds, the evidence presented by the debtor was unclear and confusing, and the debtor had not met her burden as to any other objections the debtor presented. Therefore, such other objections the debtor raised, were in fact decided by the court: the debtor presented no clear evidence on any of those objections to prove she was entitled to relief. The debtor's motion to renew did not present any new evidence, or clarify the evidence already presented in any way to merit the court's reconsidering its decision to overrule those objections.

Regarding the $1,289.18 of unapplied funds, the court finds that the debtor has presented sufficient evidence to show that the proof of claim does not adequately describe the disposition of the $1,289.18 unapplied funds. Nationstar's Proof of Claim includes a Payment History of Loan from First Day of Default, which is a chart with several columns including Columns G. "Prin, int & esc past due balance," H. "Amount to principal," I. "Amount

to interest," J. "Amount to Escrow," K. "Amount to fees or charges," L. "Unapplied funds," M. "Principal balance," N. "Accrued interest," O. "Escrow balance," P. "Fees/Charges balance," and Q. "Unapplied funds balance." The chart shows that on February 15, 2012, the debtor made a payment of $10,000. From this $10,000, six monthly payments of $1,496.63, including the contractual payment toward principal and interest of $1,165.88 and escrow payments of $330.75, were applied to the debtor's account bringing down the principal balance and the escrow balance.[1] Column L. shows a positive application of $8,503.37 ($10,000 - $1,496.63) applied to the debtor's unapplied funds in Column Q., and five withdrawals of $1,496.63 from the unapplied funds that were being applied toward principal, interest and escrow in Columns G., H., I., J., L. and M., leaving an unapplied balance in Column Q. of $1,020.22, which was not enough to make a full monthly payment.

The final $1,020.22 unapplied funds balance remained unchanged until March 14, 2012, when the debtor made another large payment of $3,262.22. This amount was used to make two more monthly payments of $1,496.63, leaving $268.96 that was applied to the unapplied balance of $1,020.22, with a total unapplied balance of $1,289.18. This unapplied balance remained

---

[1] Column N for "Accrued interest" does not show interest accruing or being paid and shows a balance of "$ -" on the whole chart. It is unclear why there is no interest accrual listed on the Payment History.

until October 23, 2013, when the chart shows a "MISC ADJ," which the court assumes means a "Miscellaneous Adjustment," of $1,289.18.  On that date, the unapplied balance of $1,289.18 was removed from the unapplied funds balance, but it was not applied to principal, interest, escrow, or fees, nor was there any other indication of what Nationstar did with the $1,289.18 unapplied balance.  Moreover, there is no indication that the $1,289.18 was ever applied toward any outstanding balance of principal, interest, escrow, or fees, because Columns H., I., J., and K. do not show a positive amount applied toward any of those balances.  There is no indication that Nationstar returned the $1,289.18 to the debtor, or any indication of what happened to the $1,289.18 unapplied balance.

Nationstar has not submitted any papers accounting for the unapplied balance, nor has Nationstar filed a response to the debtor's *Motion to Reconsider*.  Accordingly, it is appropriate for the court to sustain the debtor's objection to this point and reduce Nationstar's proof of claim by $1,289.18.

                                III

For the afore stated reasons, it is

ORDERED that the debtor's *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* is GRANTED IN PART; and it is further

ORDERED that the debtor's *Objection to Creditor, Nationstar*

*Mortgage LLC, Proof of Claim* (Dkt. No. 31) regarding the debtor's objection to the accounting of the $1,289.18 of unapplied funds is SUSTAINED; and it is further

ORDERED that Nationstar's Proof of Claim is reduced by $1,289.18 to a claim as of the petition date of $545,088.59 with $183,643.49 being the amount necessary to cure any default as of the petition date.  It is further

ORDERED that the debtor's *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* is otherwise DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.