The document below is hereby signed.

Signed: December 11, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANDRENA DIANE CROCKETT, | ) | Case No. 19-00101 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
GRANTING NATIONSTAR'S MOTION TO
ALTER ORDER REGARDING DEBTOR'S MOTION TO RECONSIDER

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") has filed a timely motion under Fed. R. Bankr. 9023 (Dkt. No. 76) seeking pursuant to Fed. R. Civ. P. 59(e) to alter a *Memorandum Decision and Order* of September 23, 2019.[1] I will grant Nationstar's Rule 9023 motion for the following reasons.

An appeal is pending regarding the *Memorandum Decision and Order* addressed by Nationstar's Rule 9023 motion. That appeal does not bar my addressing Nationstar's Rule 9023 motion. To explain, the pertinent chronology is as follows:

---

[1] The Rule 9023 motion is titled *Motion to Reconsider Memorandum Decision and Order Granting Debtor's Objection to Nationstar's Proof of Claim in Part, and Otherwise Denying Debtor's Motion to Reconsider.*

- On July 22, 2019, the court entered an *Order Overruling Objection to Claim of Nationstar Mortgage LLC d/b/a Mr. Cooper* (Dkt. No. 54).

- On August 5, 2019, the debtor filed her *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* ("*Motion to Reconsider*") (Dkt. No. 59).

- On September 23, 2019, the court entered a *Memorandum Decision and Order* (Dkt. No. 70) which granted the debtor's *Motion to Reconsider* in part by ordering "that Nationstar's Proof of Claim is reduced by $1,289.18 to a claim as of the petition date of $545,088.59 with $183,643.49 being the amount necessary to cure any default as of the petition date" and otherwise denied the *Motion to Reconsider*.

- On September 26, 2019, the debtor filed her notice of appeal (Dkt. No. 72) regarding the *Memorandum Decision and Order* of September 23, 2019.

- On October 7, 2019, Nationstar timely filed its Rule 9023 motion regarding the *Memorandum Decision and Order* of September 23, 2019.

Under Fed. R. Bankr. P. 8002(b)(2), which is modeled after Fed. R. App. P. 4(a)(4), the notice of appeal previously filed regarding the *Memorandum Decision and Order* of September 23, 2019, is not effective until the Clerk enters this order

disposing of Nationstar's Rule 9023 motion. Accordingly, I retain jurisdiction to grant the motion despite the filing of the notice of appeal. *See English-Speaking Union v. Johnson*, 353 F.3d 1013, 1020 (D.C. Cir. 2004) (a debtor's "notice of appeal [to the court of appeals] did not take effect while its motion to vacate remained pending in the district court, leaving that court with jurisdiction to grant [the debtor's] motion for post-judgment relief"); *Amarin Pharmaceuticals Ireland Limited v. Food and Drug Administration*, 139 F. Supp. 3d 437, 440 (D.D.C. 2015) (Rule 4(a)(4) "'clarif[ies] . . . the courts' respective jurisdictions' when such a motion [including a Rule 59(e) motion] is made by 'depriving the courts of appeals of jurisdiction' and explicitly providing that the district court will retain jurisdiction over case and motion alike.") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59-60 (1982)). *See also Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995) (noting that a timely motion under Rule 59 filed after a notice of appeal was filed "divest[s] the appellate court of jurisdiction that had once existed").

One decision, *Leadership Conf. on Civil Rights v. Gonzales*, 421 F. Supp. 2d 104, 107 (D.D.C. 2006), states, to the contrary, that the court can deny but cannot grant a Rule 59(e) motion when an appeal is pending. That statement is unpersuasive in light of

*English-Speaking Union*, which *Gonzales* did not discuss,[2] and *Amarin Pharmaceuticals Ireland Limited*, which, in a manner consistent with *English-Speaking Union*, interprets Rule 4(a)(4) as divesting the appellate court of jurisdiction upon the filing of a timely Rule 59(e) motion. Moreover, the statement in *Gonzales* regarding the court's inability to grant the Rule 59(e) motion was unnecessary dictum because the court proceeded to deny the Rule 59(e) motion.

The debtor has not opposed Nationstar's Rule 9023 motion. That motion sets forth evidence demonstrating that the $1,289.18 item disallowed by the *Memorandum Decision and Order* of September 23, 2019, ought to be allowed instead, and sets forth an adequate basis under Rule 59(e) for altering the *Memorandum Decision and Order* of September 23, 2019.

In light of the foregoing, it is

---

[2]  The court in *Gonzales* went on to state:

> If the court is inclined to grant such a motion while the appeal is pending, "the District Court indicates that it will grant relief, [and] the appellant may move the appellate court for a remand in order that relief may be granted." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991).

421 F. Supp.2d at 107. However, *Hoai v. Vo* dealt with the District Court's addressing a motion under Fed. R. Civ. P. 60(b), not a Rule 59(e) motion, during the pendency of an appeal. *See English-Speaking Union*, 353 F.3d at 1019 (also interpreting *Hoai* as "stating that a district court may consider but not grant *a pending Rule 60(b) motion* while appellate review is ongoing unless the court of appeals remands the case") (emphasis added).

ORDERED that Nationstar's Rule 9023 motion (the *Motion to Reconsider Memorandum Decision and Order Granting Debtor's Objection to Nationstar's Proof of Claim in Part, and Otherwise Denying Debtor's Motion to Reconsider*) (Dkt. No. 76) is GRANTED. It is further

ORDERED that the *Order Granting the Debtor's Objection to Nationstar's Proof of Claim in Part, and Otherwise Denying Debtor's Motion to Reconsider* (Dkt. No. 70) is altered to provide as follows.  It is further

ORDERED that the debtor's *Motion to Reconsider Overruling Debtor's Objections to Creditor's Proof-of-Claim* (Dkt. No. 58) is DENIED.  It is accordingly further

ORDERED that the objection to Nationstar's proof of claim remains overruled and the proof of claim remains allowed as filed.  It is further

ORDERED that this *Memorandum Decision and Order* sets forth a final and appealable order, and if the debtor intends to challenge the order or the alteration of the *Memorandum Decision and Order*, then pursuant to Fed. R. Bankr. P. 8002(b)(3), the debtor must file a notice of appeal or an amended notice of appeal, but pursuant to Fed. R. Bankr. P. 8002(b)(4) no additional fee will be required to file an amended notice of appeal.  It is further

ORDERED that the Clerk shall transmit this *Memorandum*

*Decision and Order* along with a copy of the current docket sheet to the District Court's side of the Clerk's office as a supplement to the record on appeal.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.